## MONROE BODY CO. et al. v. HERZOG et al.

(Circuit Court of Appeals, Sixth Circuit. November 14, 1924.)

No. 3840.

Patents ⊙⟶328—919,351, for automatic feed mechanism for planer, held infringed.

The Herzog patent, No. 919,351, for mechanism for automatically feeding boards into a planer, held infringed by defendants' modified structure.

Supplemental Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by John Herzog and the Sonora Phonograph Sales Company against the Monroe Body Company and Philip J. Smith. Decree for complainants, and defendants appeal. Affirmed.

Fred L. Chappell, of Kalamazoo, Mich. (Chappell & Earl, of Kalamazoo, Mich., on the brief), for appellants.

Wm. J. Belknap, of Detroit, Mich. (Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich., on the brief), for appellees.

Before DENISON and DONAHUE, Circuit Judges, and SATER, District Judge.

SATER, District Judge. When this case was here on the original appeal from the

decree, sustaining the Herzog patent and finding it infringed, the court, "with no intention of establishing a precedent," concluded not to dismiss the supplemental appeal, but suggested two methods of procedure, compliance with either of which would be satisfactory and result in retention and disposal of the case. 298 F. 423. Counsel entered into a stipulation which for all practical purposes conforms to the suggestion made. The issues raised by the supplemental appeal are now for decision.

In his original infringing device Smith employed an endless belt or chain, which passed over his sprocket wheels, the outer members of which chain were connected by a plurality of cross-bars, to which were attached longitudinally his feed dogs or fingers. Instead of the chain thus used, he adopted in his modified machine a wide chain or link belt. In lieu of each of the wide cross-bars employed in his original mechanism, to which his spring-pressed dogs or fingers were attached, he uses in his modified construction two cross-rods (called pintles), extending from side to side of his chain, secured or pivoted to which rods are the chain links which carry his dogs. Guiding means or "hold-down shoes," disposed over the body of the chain at the feeding position, hold it down and prevent the chain and rods from springing up. There is a claimed improvement in the dogs used in the modified mechanism over that found in the infringing device.

We understand the appellant's contention to be that a broad chain is old and well known in the art and may therefore be appropriated by any one; that the pintles of the wide chain, whether they be continuous or be cut into short lengths, secured by cotter pins to each alternate link, as found in the prior art, cannot be properly regarded as cross-bars; that the guides placed above the feeding point of the machine to support the chain while in operation result in a structure operating differently from Herzog's; and that to provide dogs like Smith's improved dogs, pivoted on the chain or rods in any arrangement desired, does not properly come within the Herzog patent.

By scanning the prior art there may be found here and there this or that member appropriated by Herzog. Indeed, most and possibly substantially all of the members entering into his planer are present in prior patents, but in none of them are the members or elements found combined as in his, nor did any of the prior devices produce the same new and useful result obtained by his.

Only the outer portions or sides of defendant's modified chain are supported by and contact with the sprocket wheels, and they are so supported and make such contact in substantially the same manner and perform the same function as the chain in his original infringing and in Herzog's patent.

If a member is a rod or cross-bar, the office performed by it is not changed by calling it a pintle. As a part of the structure called for and shown in Herzog's patent and employed in Smith's infringing machine, there were cross-bars; each of such bars having considerable width and supporting a row of fingers. The Herzog patent, however, is not limited to either a single or a continuous cross-bar for each row of fingers. In his modified structure Smith uses, not a wide cross-bar, but two round cross-bars, to support a row of fingers. In Smith's later as well as in his earlier structure the cross-members extend entirely across the chain; the dogs or fingers being arranged longitudinally thereon. The dogs in his modified machine, it is true, are somewhat differently shaped, and require two members to carry them. In his original structure, but one member was used for their support. The function performed by the two round members does not differ from that performed by the single wide one in his original infringing device.

The claim is further made that the pintles, which support the cross-fingers, do not perform the office of cross-bars, for the reason their flexibility is such as to make it necessary to provide guiding means or "hold-down shoes," to hold the chain in position and prevent it bending upward at the feeding position. The shoes do not detract from the function of the cross-bars; they merely brace and impart rigidity to them. If the rods or pintles are given sufficient strength (and there appears no reason why that may not be done), no necessity will exist for such shoes. The cross-bars of Smith's infringing structure will admit of this same bracing, if weak enough to render such advisable. To brace them would not have avoided infringement in the original suit, nor does he escape such by so supporting them in his modified structure.

The construction of the dogs shown in his modified device differs somewhat in detail from those shown in his infringing patent and face in the opposite direction. The difference, however, is slight. They are in both structures so placed and arranged as to conform to the lateral and longitudinal contour of the board passing through the jointer.

They operate alike in both of his mechanisms and produce the same result. Indeed, Smith's affidavit concedes that in effect he had merely affixed to his wide chain belt the spring fingers or dogs shown in his infringing patent.

The assembling of his modified device is, generally speaking, not unlike that of his heretofore found infringing machine. The detailed means in which his dogs or fingers are supported is different, but, having regard to the law of equivalents, his modified structure, in whatever aspect viewed, must be held to infringe the Herzog patent, notwithstanding the variation in structure.

The trial court reached the correct conclusion, and is affirmed.